**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

No. 11-31085
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WARRICK DWAYNE CASTILLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-61-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Warrick Dwayne Castille appeals his 235-month prison term for bank robbery. He was sentenced to the guidelines maximum under U.S.S.G. § 4B1.1 as a career offender. According to Castille, he should have received a two-level downward variance because he used an "airsoft pistol" instead of a firearm. He cites the robbery guideline in U.S.S.G. § 2B3.1(b)(2), which provides for a six-level enhancement for the use of a firearm and only a four-level enhancement for the use of a "dangerous weapon," defined as "an instrument capable of inflicting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

death or serious bodily injury" or an object that "closely resembles such an instrument." U.S.S.G. § 1B1.1, comment. (n.1(D)).

The district court expressly considered Castille's argument and determined that the maximum guidelines sentence was appropriate. The court explicitly found that other aspects of the offense were more important than the use of an airsoft gun, including the danger created by the mere perception that the gun was real and the trauma to those in the bank. Castille does not show that the district court erred in weighing the 18 U.S.C. § 3553(a) factors. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir.), *cert. denied.*, 131 S. Ct. 3006 (2011). He fails to show that his guidelines sentence did not account for a factor that should have received significant weight, and he fails to overcome the presumption that his guidelines sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.